## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

DANIEL DIAZ-RODRIGUEZ,
Defendant.

CRIMINAL NO. 26-880 ( SCC )

RECEIVED & FILED
CLERK'S OFFICE

JUL 02 2026

US DISTRICT COURT
SAN JUAN, PR

## PLEA AGREEMENT

### TO THE HONORABLE COURT:

The United States of America, Defendant **DANIEL DIAZ-RODRIGUEZ**, and Defendant's counsel, Javier A. Cuyar-Olivo, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to waive his right to be indicted by a Grand Jury and plead guilty to Count One of the Information, in violation of 18 U.S.C. § 1349, incorporated by referenced herein.

### 2. Maximum Penalties

Count One: The maximum statutory penalty for the offense charged in Count One of the Information is a term of imprisonment of not more than 20 years, pursuant to 18 U.S.C. § 1349; a fine of not more than $250,000 pursuant to 18 U.S.C. §

USAO-DPR-Plea Agreement

Page | 1

3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

## 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

## 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE 18 U.S.C. § 1349 | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B1.1(a)(1) | | | | | 7 |
| Loss amount of over $40,000, U.S.S.G. § 2B1.1(b)(1)(D) | | | | | +6 |
| Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1 (a) & (b) | | | | | -2 |
| Zero Point Offender pursuant to U.S.S.G. § 4C1.1 | | | | | -2 |
| Two-level downward variance, pursuant to Paragraph 9 below | | | | | -2 |
| TOTAL ADJUSTED OFFENSE LEVEL | | | | | 7 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 0-6 | 2-8 | 4-10 | 8-14 | 12-18 | 15-21 |

## 8. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request a sentence of 3 years of probation.

The parties agree that any recommendation by either party for a term below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 9. Downward Variance for Early Acceptance of Responsibility

The parties have agreed to recommend at sentencing that the Court grant a **two-level downward variance** from the applicable sentencing guidelines in recognition of the defendant's early acceptance of responsibility, which promotes the conservation of judicial and prosecutorial resources.

## 10. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

## 11. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is 3 years of probation or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to, the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 12. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 13. Satisfaction with Counsel

Defendant is satisfied with counsel, Javier A. Cuyar-Olivo, Esq., and asserts that counsel has rendered effective legal assistance.

## 14. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a

USA v. DANIEL DIAZ RODRIGUEZ

verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 15. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 16. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

## 17. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

DDR

## 18. Amendments to Plea Agreement

JCO .

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

## 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

## 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free

from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

## 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

## 23. Forfeiture Provision

Defendant agrees to waive and forgo any interests or claims over any proceeds of the illegal activity pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461(c). Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant

U.S. v. DANIEL DIAZ-RODRIGUEZ

agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The

USAO-DPR-Plea Agreement

Page | 9

forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

### 24. Discovery Waiver

Defendant waives the right to any further discovery from the United States either now or at any future time, including at sentencing. Defendant understands that by waiving discovery in this case, this includes any right it may have to any further discovery about the United States' witnesses or case, under Rule 16 (discovery and inspection) and Rule 26.2 (witness statements) of the Federal Rules of Criminal Procedure, and pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or their progeny.

W. STEPHEN MULDROW
United States Attorney


_____
Seth A. Erbe
Assistant U.S. Attorney
Chief, Financial Fraud & Public
Corruption Section
Dated: 6/11/26


_____
Marie Christine Amy
Assistant U.S. Attorney
Dated: JUN 11, 2026


_____
DANIEL DIAZ-RODRIGUEZ
Defendant
Dated: 6/11/26


_____
Javier A. Cuyar-Olivo, Esq.
Counsel for Defendant
Dated: 6-11-2026

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 6/11/26

_____
DANIEL DIAZ-RODRIGUEZ
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 6-11-2026

_____
Javier A. Cuyar-Olivo, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant DANIEL DIAZ-RODRIGUEZ admits that Defendant is guilty as charged in the Information and admits the following:

In support of his guilty plea, Defendant DANIEL DIAZ-RODRIGUEZ, admits that from in or about November 2022 until in or about May 2023, DANIEL DIAZ-RODRIGUEZ did knowingly and willfully combine, conspire, and agree with others known and unknown to the United States to commit wire fraud. DANIEL DIAZ-RODRIGUEZ devised and intended to devise a scheme and artifice to benefit and enrich himself, and defraud the PRDT by means of materially false and fraudulent pretenses, representations, and promises, transmitting and causing to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds.

Defendant DANIEL DIAZ-RODRIGUEZ, and others known and unknown to the United States, communicated regularly via electronic means, including through WhatsApp, to coordinate and accomplish the creation and submission of materially false information to the PRDT and to deliver payments, for the elimination of taxes owed, evasion of taxes, and theft of funds.

Defendant DANIEL DIAZ-RODRIGUEZ negotiated and paid Individual 2 and Individual 3 a portion of the PRDT taxes owed and funds stolen through Person A for the creation and submission of materially false tax information to the PRDT in

his personal tax returns for the years 2020, 2021, and 2022 to eliminate or reduce tax debts with the PRDT and/or illegally claim a tax refund, resulting in an approximate total loss to the PRDT exceeding $103,879.

Defendant DANIEL DIAZ-RODRIGUEZ willfully and knowingly paid Person A a percentage of the PRDT tax debt eliminated and funds stolen for Person A to coordinate with Individual 2 and Individual 3 and pay them to create and submit false information to the PRDT in order to defraud the PRDT and evade taxation.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt as charged in Count One of the Information.

The above is merely a summary of certain facts relating to the charged offense and does not include, nor is it intended to include, all of the facts relating to his matter known to Defendant or the United States.

Marie Christine Amy
Assistant U.S. Attorney
Financial Fraud and Public
Corruption Section
Dated: ___June 11, 2026___

DANIEL DIAZ-RODRIGUEZ
Defendant
Dated: ___6/11/26___

Javier A. Cuyar-Olivo, Esq.
Counsel for Defendant
Dated: 6-11-2026